UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MIGUEL & MISTY MONICO, h/w** | ECF Case |
| Plaintiffs | Case Number 1:11-cv-01390-TPG |
| vs. | CIVIL COMPLAINT |
| **CONSUMER RECOVERY ASSOCIATES, LLC** | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Miguel & Misty Monico, h/w, by and through their undersigned counsel, Bruce K. Warren of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Miguel & Misty Monico, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that Defendant has an address in this district and transacts business here.

## III.    PARTIES

4. Plaintiffs, Miguel & Misty Monico, h/w, are adult natural persons residing at 467 Whitney Drive, Eagle Creek, OR 97022.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Consumer Recovery Associates, LLC at all times relevant hereto, is a limited liability company engaged in the business of collecting debt in the State of Oregon and the State of New York, with a New York address of 111 8th Avenue, New York, NY 10011.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7. On or about January 24, 2010 Defendant called the employer of Plaintiff, Miguel Monico and left a voicemail detailing an "important matter" regarding his wife, Plaintiff, Misty Monico.

8. On or about January 25, 2010 Plaintiff, Misty Monico returned Defendant's call and spoke with an agent of Defendant, "Ms. Jenkins."

9. After verifying her contact information, Plaintiff, Misty Monico informed "Ms. Jenkins" that she is unaware of any outstanding debt and has not received any written notification stating that any outstanding debt is owed.

10. Plaintiff, Misty Monico asked if anything in writing was in fact sent to her, but "Ms. Jenkins" snidely responded, "The only way you'll get something in writing is if you go and grab a pen & paper and write down the information."

11. Plaintiff, Misty Monico was then told that Defendant "will just go further and proceed" and the call was abruptly ended by "Ms. Jenkins."

12. Plaintiff, Misty Monico immediately placed another call to Defendant and it was answered by "Ms. Jenkins."

13. Plaintiff, Misty Monico asked to speak with a different agent and the call was transferred to "Daniel."

14. Plaintiff, Misty Monico reiterated to "Daniel" that she would prefer Defendant send something in writing so she would have an idea of exactly what was owed.

15. After hearing Plaintiff's request for written confirmation of the alleged debt, "Daniel" retorted, "Listen, it's been six years, you are the one who is irresponsible and you should have information about the debt from collection agencies who contacted you in the past."

16. To date, Plaintiffs have not received any written correspondence from Defendant concerning an alleged debt.

17. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions

within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiffs herein.

20. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendant's unlawful conduct.

21. As a direct consequence of Defendant's acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant, Consumer Recovery Associates, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

### V. <u>JURY DEMAND</u>

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: February 8, 2011**    **BY:** <u>*/s/ Bruce K. Warren*</u>
Bruce K. Warren, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff